IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| TIA SAUCIER | § | PLAINTIFF |
| | § | |
| v. | § | CAUSE NO. 1:04CV686 |
| | § | |
| JME COLDWELL BANKER, ET AL. | § | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER DENYING
DEFENDANTS' MOTION TO COMPEL ARBITRATION**

THE MATTER BEFORE THE COURT is the Motion to Compel Arbitration filed by Defendants JME Realty Company, Joseph M. Endry, Clara K. Plummer, Tonya Zimmern, Sandra K. Sanchez, Andra Pippin, Celeste M. Lacy, Hannah W. Stanley, Timothy J. Norrbom and Myra Blackburn (the "Defendants")[6]. The Plaintiff has filed her response, and the Defendants have replied. After due consideration of the submissions and the relevant law, it is the Court's opinion that the Motion to Compel Arbitration should be denied.

**DISCUSSION**

The underlying dispute between the parties in this case involves real estate broker commissions. Plaintiff Saucier was hired by Defendant JME Realty Company ("JME") to work as a real estate sales associate in April, 2003. Plaintiff and JME entered into an "Independent Contractor Agreement Between Broker and Sales Associate" on April 18, 2003 to sell units at the Legacy Condominium. (Exh. "A" to Defendants' Motion). Saucier resigned her position with JME on September 19, 2003. Saucier alleges that she is entitled to commissions for the sale of Legacy units during her employment from all of the Defendants. The Defendants contend that Saucier should be compelled to arbitrate her claims against them.

The "now familiar" two-step inquiry applicable to motions to compel under the Federal

Arbitration Act, 9 U.S.C. § 4, requires that the court first "determine whether the parties agreed to arbitrate the dispute in question, [which] ... involves two considerations: (1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement." *Webb v. Investacorp, Inc.,* 89 F.3d 252, 257-58 (5th Cir. 1996). "The second step is to determine 'whether legal constraints external to the parties' agreement foreclose[s] the arbitration of those claims.'" *Id.* (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.,* 473 U.S. 614, 628 (1985)).

The dispute in this case revolves around the first step; whether the parties agreed to arbitrate their dispute. There is no separate arbitration agreement between any of these parties. The sole mention of arbitration is in the Agreement between Saucier and JME. Paragraph 7 of the Agreement, concerning commissions, provides in part:

> In the event that two or more Sales Associates participate in such a service or claim to have done so, the amount of the commission over that accruing to [JME] shall be divided between the participating Sales Associates according to agreement between them or by arbitration.

(Exhibit "A" to Defendants' Motion). This provision cannot be construed to obligate Saucier and JME to arbitrate any dispute arising out of the Agreement. Instead, it appears to have a fairly narrow application; it allows the Broker (JME) to split commissions either according to an agreement between Sales Associates, or if there is no agreement, pursuant to a division arrived at through arbitration. The arbitration referred to in this provision is that between Sales Associates, not a Sales Associate and JME. Further, the provision does not attempt to bind all Sales Associates to arbitration of their disputes. As stated above, it simply allows the Broker, JME, to pay commissions based on a division arrived at through arbitration. The Court therefore finds no

valid agreement to arbitrate between Saucier and any of the Defendants. In light of this finding, it is not necessary for the Court to reach the second step of the analysis. The Defendants' Motion to Compel Arbitration should be denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion to Compel Arbitration filed by Defendants JME Realty Company, Joseph M. Endry, Clara K. Plummer, Tonya Zimmern, Sandra K. Sanchez, Andra Pippin, Celeste M. Lacy, Hannah W. Stanley, Timothy J. Norrbom and Myra Blackburn [6] is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 10th day of March, 2006.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE