**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **TIA SAUCIER** | § | **PLAINTIFF** |
| | § | |
| **v.** | § | **Civil Action No. 1:04CV686HSORHW** |
| | § | |
| **COLDWELL BANKER JME** | § | |
| **REALTY, et al.** | § | **DEFENDANTS** |

**<u>ORDER</u>**

THIS CAUSE COMES BEFORE THE COURT for consideration of Plaintiff's

Emergency Motion for Federal Rule of Civil Procedure 54(b) Entry of Final Judgment, or

Alternatively, For Amendment of Summary Judgment Order and Certification to Appeal a

Controlling Question of Law Pursuant to Federal Rule of Appellate Procedure 5(a)(3) and

Motion for Stay of Case Pending Appeal [85] on Plaintiff's claims premised upon section 73-35-

31(2) of the Mississippi Code.  After due consideration of the Motion, the September 17, 2007,

oral arguments on the Motion held at the Pretrial Conference, including the Defendants' *ore*

*tenus* opposition to the Motion, and the relevant law, it is the Court's opinion that the Motion

should be denied.

Pursuant to 28 U.S.C. § 1291, the Fifth Circuit Court of Appeals has jurisdiction over

appeals from final orders of the district court.  In accordance with FED. R. CIV. P. 54(b), in an

action involving multiple claims for relief such as this case, "an order that finally disposes of one

or more but fewer than all of the claims for relief asserted...does not terminate the action in the

district court and is subject to revision at any time prior to entry of a final decision...." *Huckeby*

*v. Frozen Food Express*, 555 F.2d 542, 545 (5th Cir. 1977).  "Thus, an order that disposes of

some, but not all, of a petitioner's claims for relief is not a final decision under 28 U.S.C. § 1291, but is instead an unappealable interlocutory order." *Id.*

In this case, the Court's Order [83] granting the Defendants' Motion for Summary Judgment as to Plaintiff's claim of entitlement to damages under section 73-35-31(2) of the Mississippi Code disposes of just one of Plaintiff's claims against Defendants. Rule 54(b) provides that "[w]hen more than one claim for relief is presented in an action," a district court "may direct the entry of a final judgment as to one or more but fewer than all of the claims...only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." FED. R. CIV. P. 54(b); *Tubos de Acero de Mexico, S.A. v. American Intern. Inv. Corp., Inc.*, 292 F.3d 471, 485 (5th Cir. 2002).

Rule 54(b) requests should not be granted routinely, and "[i]t is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal." *Brown v. Mississippi Valley State University*, 311 F.3d 328, 332 (5th Cir. 2002) (*quoting Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980)). In making the determination, the court must weigh "the inconvenience and cost of piecemeal review on the one hand and the danger of denying justice by delay on the other." *Road Sprinkler Fitters Local Union v. Continental Sprinkler Co.*, 967 F.2d 145, 148 (5th Cir. 1992) (*quoting Dickinson v. Petroleum Conversion Corp.*, 338 U.S. 507, 511 (1950)). Certification should only be granted by a district court when there exists "some danger of hardship or injustice through delay which would be alleviated by immediate appeal." *PYCA Industries Inc. v. Harrison County Waste Water Mangement Dist.*, 81 F.3d 1412, 1421 (5th Cir. 1996).

The Court finds that the interests of judicial economy would not be served by directing

entry of judgment under these circumstances.  Here, the Court does not find any resulting

hardship or delay from its denial of entry of a final judgment at this time.  Trial of this matter is

scheduled to commence in less than one month, therefore any delay in Plaintiff's ability to

prosecute an appeal will be minimal.  Additionally, because the claim Plaintiff wishes to appeal

arises from the same essential facts as the claims remaining for adjudication before this Court, an

entry of final judgment would likely result in piecemeal appeals or litigation, and therefore would

be improper.  *See Eldredge v. Martin Marietta Corp.*, 207 F.3d 737, 741-742 (5th Cir. 2000)

(finding Rule 54(b) final judgment improper where the same set of facts would have to be

relearned if and when the allegations remaining with the district court were appealed from the

district court's final judgment of those claims).

   The Court likewise denies Plaintiff's Motion to amend its Order [83] pursuant to FED. R.

APP. P. 5(a)(3) so as to render Plaintiff's claim under section 73-35-31(2) immediately

appealable pursuant to 28 U.S.C. § 1292(b).  Section 1292(b) of Title 28 of the United States

Code states:

> When a district judge, in making in a civil action an order not otherwise appealable under
> this section, shall be of the opinion that such order involves a controlling question of law
> as to which there is substantial ground for difference of opinion and that an immediate
> appeal from the order may materially advance the ultimate termination of the litigation,
> he shall so state in writing in such order.  The Court of Appeals which would have
> jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal
> to be taken from such order, if application is made to it within 10 days after the entry of
> the order: *Provided, however*, That application for an appeal hereunder shall not stay
> proceedings in the district court unless the district judge or the Court of Appeals or a
> judge thereof shall so order.

28 U.SC. § 1292(b) (emphasis in original).

   The Court is of the opinion that the dispute in this case regarding the proper interpretation

-3-

of section 73-35-31(2) does not involve a controlling question of law as to which there can be substantial ground for difference of opinion, for the reasons more fully stated in the Court's Order and Reasons granting Summary Judgment [83] on this particular claim.  For this reason, the Court denies Plaintiff's Motion for certification pursuant to FED. R. APP. P. 5(a)(3).

Because the Court denies Plaintiff's Rule 54(b) Motion for Entry of Final Judgment, and her FED. R. APP. P. 5(a)(3) Motion for Amendment of Summary Judgment Order and Certification to Appeal, the Court finds no reason to stay the case, and the case shall proceed to trial as scheduled.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Plaintiff's Motion for Entry of Judgment Pursuant to Rule 54(b), or Alternatively for Amendment of Summary Judgment Order and Certification to Appeal a Controlling Question of Law Pursuant to Federal Rule of Appellate Procedure 5(a)(3) and Motion for Stay of Case [85], is hereby DENIED.

**SO ORDERED AND ADJUDGED**, this the 19th day of September, 2007.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE