IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| TIA SAUCIER | § | PLAINTIFF |
| | § | |
| v. | § | Civil Action No. 1:04CV686HSORHW |
| | § | |
| COLDWELL BANKER JME | § | |
| REALTY, et al. | § | DEFENDANTS |

**ORDER**

THIS CAUSE COMES BEFORE THE COURT for consideration of Plaintiff's Motion for Leave to Argue Partnership and Joint Venture Relationships Among Defendants, or Alternatively, for Leave to Amend the First Amended Complaint [92], filed on or about September 21, 2007. Defendants filed an Opposition [93] on or about September 24, 2007. After due consideration of Plaintiff's Motion, Defendants' Opposition, and the relevant law, the Court is of the opinion that the Motion should be denied.

In the Court's Order [83] on Defendants' Motion for Summary Judgment [52], the Court declined addressing Plaintiff's claims that Defendants were operating as a joint venture or partnership since Plaintiff did not plead such allegations in her Complaint or Amended Complaint, and instead raised them for the first time in her Opposition to Summary Judgment [67]. *See* Order no. 83, fn. 3. In the Motion presently before the Court, Plaintiff contends the words "joint venture" or "partnership" need not be apparent on the face of the Complaint pursuant to Rule 9(a) of the Federal Rules of Civil Procedure, and that the Court should allow such

-1-

allegations to proceed.  In the alternative, Plaintiff seeks leave to amend her Amended Complaint to set forth claims of partnership or joint venture against Defendants.

Rule 9(a) pertains to a party's *capacity* to sue or be sued.  *See* FED. R. CIV. P. 9(a).  It states that:

> It is not necessary to aver the capacity of a party to sue or be sued or the authority of a party to sue or be sued in a representative capacity or the legal existence or an organized association of persons that is made a party, except to the extent required to show the jurisdiction of the court.

FED.R.CIV.P. 9(a).

As defined, capacity is "the ability of a particular individual or entity to use, or to be brought into, the courts of a forum...It has no direct correlation to the conducting of business, the existence of an enforceable right, interest, cause of action, claim or defense, or whether a party is a real party in interest." *Johnson v. Helicopter & Airplane Services Corp.*, 404 F. Supp. 726, 729 (D. Md. 1975).  Here, the capacity of the Defendants to be sued is not in question.  There is no disability that would preclude any of the Defendants from being sued, and no Defendant asserts an inability to be sued in this case.  *See* 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1292 (3d ed. 2004).

Rather than addressing capacity, Plaintiff is in effect attempting to assert theories of liability under partnership and joint venture law.  *See Presbyterian Church of Sudan v. Talisman Energy, Inc.*, 453 F. Supp. 2d 633, 679 (S.D.N.Y 2006) (identifying alter ego, agency, and joint venture liability as theories of liability).

Because theories of liability are not within the purview of Rule 9(a), it is inapplicable to the case at hand.

To assert her theories of liability under partnership and joint venture law, Plaintiff may find recourse under Rule 8 (delineating requirements for pleadings setting forth claims for relief) or Rule 15 (concerning pleading amendments) of the Federal Rules of Civil Procedure.  However, the Court is not satisfied that Plaintiff can meet her burden under either of these Rules.

The notice requirement of Rule 8 mandates that a plaintiff make a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8.  The question before the Court is whether Plaintiff's Amended Complaint sets forth claims of joint venture and/or partnership with sufficient specificity so as to fairly put Defendants on notice of such claims and the grounds upon which they rest.  *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1959 (2007).

Plaintiff contends that her First Amended Complaint [4] provides sufficient factual notice that Defendants engaged in a joint venture and partnership with regard to the Legacy Condominium development.  *See* Pl.'s Mot. for Leave at ¶¶ 4. According to Plaintiff, paragraphs twenty-one (¶¶ 21) through twenty-four (¶¶ 24) of the Amended Complaint [4] adequately contemplate joint venture and/or partnership among the Defendants within the meaning of Rule 8.  *Id*.  These paragraphs assert that Defendants individually and *jointly* participated in a number of alleged acts that damaged Plaintiff monetarily.  *Id*. (emphasis added).

However, it was not until Plaintiff filed her Opposition to Summary Judgment [67] on April 9, 2007, that Plaintiff mentioned claims of joint venture and partnership arrangements among Defendants. *See* Defs.' Consol. Rebuttal in Supp. of Mot. for Summ. J. at p. 9-12, attached as Ex. "5" to Defs.' Oppn. to Pl.'s Mot. for Leave.

"Whether a complaint gives reasonable notice of a claim is a 'pure question of law.'" *Bejil v. Ethicon, Inc.*, 269 F. 3d 477, 481 (5th Cir. 2001). Not only must Plaintiff give notice, but she has an obligation to provide the "grounds" of her "entitlement to relief," which requires "more than labels and conclusions" or "formulaic recitation(s) of a cause of action's elements." *Bell Atlantic*, 127 S. Ct. at 1959. An adequately pled complaint contains factual allegations sufficient "to raise a right to relief above the speculative level." *Id.*

After reviewing the Plaintiff's Amended Complaint, the Court finds that Plaintiff did not plead her additional theories of liability with ample specificity so as to satisfy Rule 8's pleading requirements. The Amended Complaint does not contain the words "partnership" or "joint venture," nor does it contain factual allegations sufficient to fulfill the necessary elements of such claims. *See Hults v. Tillman*, 480 So. 2d 1134, 1142 (Miss. 1985) (defining joint venture and partnership); *JPA, Inc. v. USF Processors Trading, Inc.*, 2005 WL 1383362, *2 (N.D. Tex. 2005) (holding that allegations of joint venture must not only be pled in the complaint, but the elements of joint venture must also be explicitly pled); *see also* Pl.'s First Am. Compl., attached as Ex. "1" to Pl.'s Mot. for Leave; Defs.' Consol.

Rebuttal in Supp. of Mot. for Summ. J. at p. 9-12, attached as Ex. "5" to Defs.' Oppn. to Pl.'s Mot. for Leave.

When a party does not adequately plead a claim under Rule 8, the party may amend the pleading in accordance with Rule 15 of the Federal Rules of Civil Procedure.  *See* FED.R.CIV. P. 15.  Once a responsive pleading is served, a party may amend a pleading only by leave of court or by written consent of the adverse party. *See* FED.R.CIV. P. 15; *see also Ross v. Houston Independent School Dist.*, 699 F. 2d 218, 228 (5th Cir. 1983).  While "leave shall be freely given when justice so requires," the ultimate decision is left to the sound discretion of the trial court.  *See id.* (*quoting Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971)).  In exercising its discretion, the trial court may deny a motion to amend where the moving party engages in undue delay or has "attempted to present theories of recovery seriatim to the district court." *Southern Constructors Group, Inc. v. Dynalectric Co.*, 2 F. 3d 606, 612 (5th Cir. 1993).  Denial is also appropriate where prejudice would result to the defendant or where the amendment would prove futile.  *See Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F. 2d 663, 666 (5th Cir. 1981).

Plaintiff is seeking leave to amend over three years after her action was instituted, over a year since the deadline to amend pleadings has passed, approximately seven months since discovery was terminated, and approximately one week from the commencement of trial.  The Court finds that, based on the

aforementioned standard, the amendment cannot be permitted  *See Little v. Liquid Air Corp.*, 952 F. 2d 841, 846 (5th Cir. 1992).  Nor has Plaintiff established that the delay was "due to oversight, inadvertence or excusable neglect."  *Id.* (*citing Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981)).  The only evidence Plaintiff presents is an argument under Rule 9(a) of the Federal Rules of Civil Procedure, however, the Court is unpersuaded that such would constitute "excusable neglect" within the meaning of the law.

Further, because Plaintiff moves to amend to assert new theories of liability, and because she does so only days before trial, the Court finds Defendants would be prejudiced if the amendment were granted.  Theories of liability predicated on partnership and joint venture arrangements alter liability exposure.  As a result, Defendants would be improperly forced at the eleventh hour to create and defend new strategies and trial tactics.  *See Little*, 952 F. 2d at 846; *see also* Defs.' Mem. in Oppn. to Pl.'s Mot. for Leave at p. 3 (noting that discovery was not conducted in such a manner as to defend against these allegations, but would have been had they been put on notice).  Such prejudice supports a denial of amendment.  *See id.*

Plaintiff's Motion to Amend must also be denied since an amendment would be futile and frustrate the purpose of Rule 15.  *See Addington*, 650 F. 2d at 666.  Had the Court addressed Plaintiff's contentions of partnership and joint venture raised in its Opposition to Summary Judgment, the Court would have dismissed them on the merits since insufficient evidence was submitted at the summary

judgment stage to establish the required elements of either a partnership or joint venture among Defendants.  *See Hults*, 480 So. 2d 0at 1142; *see also* Pl.'s Oppn. to Summ. J., attached as Ex. "2" to Pl.'s Mot. for Leave; Defs.' Consol. Rebuttal in Supp. of Mot. for Summ. J. at p. 9-12, attached as Ex. "5" to Defs.' Oppn. to Pl.'s Mot. for Leave.

For the above reasons,  Plaintiff's Motion for Leave to Argue Partnership and Joint Venture Relationships Among Defendants, or Alternatively, for Leave to Amend the First Amended Complaint [92] must be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons cited more fully herein, the Motion of Plaintiff Tia Saucier for Leave to Argue Partnership and Joint Venture Relationships Among Defendants, or Alternatively, for Leave to Amend the First Amended Complaint [92], filed on September 21, 2007, should be and is hereby **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 26th day of September, 2007.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE