**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **TIA SAUCIER** | § | **PLAINTIFF** |
| | § | |
| **v.** | § | **Civil Action No. 1:04CV686HSORHW** |
| | § | |
| **COLDWELL BANKER JME** | § | |
| **REALTY, et al.** | § | **DEFENDANTS** |

**<u>ORDER</u>**

THIS CAUSE COMES BEFORE THE COURT for consideration of Defendants'

Motion *in Limine* to Exclude Evidence of, or References to, the Complaint and Agreed

Orders in the Proceedings Before the Mississippi Real Estate Commission and to

Exclude any Description or Characterization of the Defendants' Actions as "Illegal

Acts" [90], filed on or about September 21, 2007.  Plaintiff filed an Opposition [95] on

or about September 25, 2007.  After due consideration of Defendants' Motion,

Plaintiff's Opposition, and the relevant law, the Court is of the opinion that the

Motion should be granted.

In 2004, the Mississippi Real Estate Commission ("MREC") filed a Complaint

against Joseph M. Endry ("Endry") and Clara Plummer ("Plummer") alleging

violations of the Mississippi Real Estate Broker's License Act and the Rules and

Regulations of the Commission.  *See* MREC Complaint, attached as Ex. A to Defs.'

Mot. *in Limine*.  Endry and Plummer subsequently entered into Agreed Orders with

the MREC which were effectuated through "negotiations...to reach agreement on the

terms" of the Orders.  *See* MREC Agreed Orders, attached as Exs. B and C to Defs.'

-1-

Mot. *in Limine*.  Under the law of this Circuit, negotiated administrative "agreed orders" are synonymous with "consent orders."  *See Texans United for a Safe Economy Educ. Fund v. Crown Central Petroleum Corp.*, 207 F. 3d 789, 791 (5th Cir. 2000). Because there is "little reason to draw a distinction between consent orders and settlement agreements," Rule 408 of the Federal Rules of Evidence bars admission of Endry and Plummer's Agreed Orders with the MREC from introduction into evidence in the present case.  *See Cerqueira v. American Airlines, Inc.*, 484 F. Supp. 2d 232, 237 (D. Mass. 2007); *see also McInnis v. A.M.F., Inc.*, 765 F.2d 240, 247 (1st Cir. 1985); *Johnson v. Hugo's Skateway*, 974 F. 2d 1408, 1413 (4th Cir. 1992); *United States v. Gilbert*, 668 F.2d 94, 97 (2d Cir. 1981).

Rule 408 of the Federal Rules of Evidence, entitled *Compromise and Offers to Compromise*, states in part:

> (a)   **Prohibited Uses.**  Evidence of the following is not admissible on behalf of any party, when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction:
>
>> (1)   furnishing or offering or promising to furnish–or accepting or offering or promising to accept–a valuable consideration in compromising or attempting to compromise the claim; and
>>
>> (2)   conduct or statements made in compromise negotiations regarding the claim....

FED. R. EVID. 408.

It is undisputed by both parties that Rule 408 excludes evidence of settlement

when offered to prove liability for a claim.  *See* Defs.' Mot. *in Limine* at p. 4; Pl.'s

Oppn. to Defs.' Motion in Limine at p. 5.  Plaintiff contends that the MREC Agreed

Orders would not be used to prove liability, but to establish motive and intent of

Defendants.  *See* Pl.'s Oppn. to Defs.' Motion *in Limine* at p. 4-5*; Cerqueira*, 484 F.

Supp. 2d at 237 (noting that evidence of settlement can be admitted to show motive,

intent or notice).  Plaintiff also contends that, to the extent the Agreed Orders contain

admissions of fact, the admissions are excluded from the purview of Rule 408.  *See*

Pl.'s Oppn. to Defs.' Motion *in Limine* at p. 4.

It is the Court's opinion that the Agreed Orders do not contain admissions by

Plummer or Endry that they actually violated the Mississippi Real Estate Broker's

License Act or the Rules and Regulations of the Commission.  *See* MREC Agreed

Orders, attached as Exs. B and C to Defs.' Mot. *in Limine*.  The Orders merely recite

the statutory provisions governing the means by which non-resident brokers or

salespersons may conduct licensable activities within Mississippi and reflect Endry

and Plummer's agreement to terms negotiated upon.  *See id.*  Because the Orders do

not contain express admissions or denials of the allegations found within the MREC

Complaint, or of the MREC's findings of fact contained within the Orders, they are

properly excluded under Rule 408.  *See In re Blech Securities Litigation*, 2003 WL

1610775, *11 (S.D.N.Y. 2003) (Where a party expressly consents to an order without

admitting or denying allegations found in the complaint, or otherwise consents

without admitting or denying findings of fact within the order, the order is properly

excluded under Rule 408).

Endry and Plummer's concurrences that the MREC Complaint "states a violation" of the Mississippi Real Estate Brokers License Law of 1954 are not admissions that they actually committed the violations asserted. *See* MREC Agreed Orders, attached as Exs. B and C to Defs.' Mot. *in Limine*.  As for the MREC Complaint itself, it "is nothing more than a summary of allegations by others," and constitutes inadmissible hearsay.  *See Johnson v. Ford Motor Co.,* 988 F.2d 573, 579 (5th Cir. Miss.); *see also In re Blech*, 2003 WL at *10-11 (finding that a complaint is "nothing more than the existence of an accusation" and is thereby inadmissible to prove the truth of its contents under Rule 801, 802, and 803 of the Federal Rules of Evidence).

The trial court has discretion to admit evidence of settlement for purposes other than to prove liability.  *See Kennon v. Slipstreamer, Inc.*, 794 F. 2d 1067, 1069-70 (5th Cir. 1986).  Because the Court does not find that the Agreed Orders contain any substantive legal or factual information which would prove helpful to a jury in deciphering motive or intent of the Defendants' alleged conduct, the Agreed Orders do not fall within a Rule 408 exception and must be excluded from evidence.  The MREC Complaint is also excluded under the Federal Rules of Evidence governing hearsay. *See Johnson*, 988 F. 2d at 579.

Even if the MREC Complaint and Agreed Orders were able to overcome a Rule 408 or hearsay challenge, the Court also finds exclusion appropriate under Rule 403 of the Federal Rules of Evidence.  Rule 403 excludes relevant evidence when its "probative value is substantially outweighed by the danger of unfair prejudice,

confusion of the issues, or misleading the jury." *See* FED. R. EVID. 403.  Introduction

of the MREC Complaint and Agreed Orders would be highly prejudicial to the

Defendants since it would tend to direct the jury to conclude that Defendants acted in

violation of Mississippi real estate laws.  Such introduction presents a significant

danger of confusing or misleading the jury regarding the issues remaining in this

case.  Any need Plaintiff may have to introduce evidence to support an essential

element of any remaining claims, such as her conspiracy claim, can be met through

less prejudicial and inflammatory means, since all of the relevant individuals

(Plaintiff, Endry, and Plummer) involved in any purportedly unlawful acts will be

available to testify at trial.  The prejudicial effect of the MREC Complaint and Agreed

Orders substantially outweighs their probative value, and exclusion is therefore

proper under Rule 403.

 The Court similarly finds it inappropriate to permit any conclusory references

by Plaintiff or her counsel to "criminal" or "illegal" behavior by Defendants as being

highly prejudicial and impermissive conclusory statements of law.[1]  Such conclusions

---

[1]In the September 17, 2007, Pretrial Conference, Plaintiff's counsel represented that the MREC proceedings were "quasi-criminal."  Upon reading the MREC Complaint and Agreed Orders, it is the Court's belief that the proceedings were civil in nature.  The MREC individually assessed Endry and Plummer a one thousand dollar ($1,000.00) reimbursement fee for investigation costs.  *See* MREC Agreed Orders, attached as Exs. B and C to Defs.' Mot. *in Limine*.  The Mississippi Supreme Court has determined that *criminal* penalties are found in section 73-35-31 of the Mississippi Code; all other penalties are civil.  *See McDerment v. Mississippi Real Estate Com'n*, 748 So. 2d 114 (Miss. 1999) (finding all other penalties under the Act civil in nature). Because there is no reference to section 73-35-31 in the MREC Complaint or Orders, the Court can only conclude that the proceedings were civil, not quasi-criminal.

must be properly determined by the jury after the parties put forth factual evidence and the Court provides legal instruction as to what may or may not be considered unlawful conduct for purposes of establishing an essential element of any of Plaintiff's remaining claims, such as Plaintiff's conspiracy claim.[2]  By no means are counsel for either party to provide legal instruction, in any form, to the jury.

In conclusion, the MREC Complaint and Agreed Orders are excluded from evidence pursuant to Rules 403 and 408 of the Federal Rules of Evidence.  Similarly, all conclusory legal statements by Plaintiff or her counsel, including but not limited to referring to Defendants' actions as "criminal" or "illegal," are forbidden at trial, at least until such time as the Court has instructed the jury on the law.  Counsel may

---

[2]There seems to be some confusion as to the parties' understanding of Mississippi real estate laws as applied to nonresident brokers and salespersons. Based upon a reading of Mississippi real estate statutes and caselaw, the appropriate inquiry in determining whether nonresident brokers or salespersons (who have not entered into a cooperative agreement and do not fall under the purview of section 73-35-11 of the Mississippi Code) violated real estate laws pivots on whether the nonresident broker or salesperson was physically present *within the state* when negotiating or attempting to negotiate a sale, or directing or assisting a purchaser or prospect calculated or intended to result in a real estate transaction.  *See Ladner v. Harsh*, 120 So. 2d 562, 564-65 (Miss. 1960).  In *Ladner*, the court based its decision on sections 8920-02 and 8920-02 of the Code of 1942, the substance of which are now found in sections 73-35-1 (1) and 73-35-3 of the Mississippi Code.  *See* MISS. CODE ANN. § 73-35-1 and § 73-35-3.  Though the court in *Ladner* addressed the law as it applies to brokers, section 73-35-1(4 ), defining real estate salesperson, instructs that salespersons are legally entitled to engage "in any activity as included or comprehended by the definitions of a real estate broker" in section 73-35-1(1).  *See* MISS. CODE ANN. § 73-35-3.  For this reason, the Court finds the *Ladner* holding applicable to both nonresident brokers and salespersons, such that unlawful conduct can occur only when the nonresident broker or salesperson is physically present within the state when negotiating or attempting to negotiate a sale, or directing or assisting a purchaser or prospect calculated or intended to result in a real estate transaction.

argue, at the appropriate time, that the facts and evidence support the Plaintiff's contention that Defendants committed one or more unlawful acts, for the limited purpose of supporting any of Plaintiff's claims for which an unlawful act is an essential element, such as the conspiracy claim.  For these reasons, Defendants' Motion *in Limine* to Exclude Evidence of, or References to, the Complaint and Agreed Orders in the Proceedings Before the Mississippi Real Estate Commission and to Exclude any Description or Characterization of the Defendants' Actions as "Illegal Acts" [90] is granted.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons cited more fully herein, the Motion *in Limine* of Defendants Joseph M. Endry, Clara Plummer, and Coldwell Banker JME Realty to Exclude Evidence of, or References to, the Complaint and Agreed Orders in the Proceedings Before the Mississippi Real Estate Commission and to Exclude any Description or Characterization of the Defendants' Actions as "Illegal Acts" [90] is hereby **GRANTED**, as set forth herein.

**SO ORDERED AND ADJUDGED**, this the 27th day of September, 2007.


*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE