IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| TIA SAUCIER | § | PLAINTIFF |
| | § | |
| v. | § | Civil Action No. 1:04cv686HSO-RHW |
| | § | |
| COLDWELL BANKER JME | § | |
| REALTY, et al. | § | DEFENDANTS |

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO AWARD COSTS**

THIS CAUSE COMES BEFORE THE COURT for consideration of Defendants' Motion [130] to Award Costs, filed on or about February 13, 2008. Plaintiff did not file a Response. After consideration of the submissions, the record in this case, and the relevant legal authorities, and for the reasons discussed below, the Court finds that Defendants' Motion to Award Costs must be granted in part and denied in part.

I. BACKGROUND

Trial of this matter commenced on or about October 1, 2007. At that time, Coldwell Banker JME Realty Company, Clara Plummer, and Joseph M. Endry, were the only remaining Defendants in this case.[1] The claims against Defendant

---

[1] Plaintiff entered a Notice [5] of Voluntary Dismissal dismissing her claims against Molly J. Hageman on or about August 17, 2005, without prejudice. By Court Order [71], dated April 18, 2007, the Court dismissed Plaintiff's claims against James F. Holland with prejudice. *See* Ct. Order 99; *see also* Def. Holland's Mot. to Dismiss [49]. In the Court's Order [83] on Defendants' Motion for Summary Judgment, Plaintiff's claims against Myra Blackburn, Celeste Lacy, Timothy Norrbom, Andra Pippin, Sandra Sanchez, Hannah Stanley and Tonya Zimmern were dismissed with prejudice on or about August 28, 2007. *See* Ct. Order 83.

Joseph M. Endry were subsequently dismissed at trial, on or about October 3, 2007, upon Defendants' oral Motion for Judgment as a Matter of Law.  *See* Ct. Order 99.  After the jury rendered a verdict, a Final Judgment [106] was entered on or about October 5, 2007, awarding Plaintiff compensatory damages against Defendants Clara Plummer and Coldwell Banker JME Realty Company in the amount of $410,000.00, and awarding Defendant/Counter Plaintiff Coldwell Banker JME Realty Company compensatory damages against Plaintiff/Counter Defendant Tia Saucier in the amount of $4,797.41.  An Amended Final Judgment [126] was entered on or about January 30, 2008, setting aside Plaintiff's claims against Coldwell Banker JME Realty Company and otherwise amending the Judgment rendered in favor of Plaintiff and against Clara Plummer to $30,411.51.

In the Motion presently before the Court, Defendants seek costs pursuant to Rule 54(d) of the Federal Rules of Civil Procedure, Rule 54.2 of the Uniform Local Rules of the United States District Courts for the Northern and Southern Districts of Mississippi, and section 1332(b) of Title 28 of the United States Code.  The costs sought amount to $4,636.55, and were incurred between January 30, 2007, and November 16, 2007.  *See* Bill of Costs, attached as Ex. "5" to Defs.' Mot. for Costs.

## II. DISCUSSION

A.   Costs Under Fed. R. Civ. P. 54(d)

Rule 54(d) provides that "...costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." FED. R. CIV. P. 54(d).  "Under Rule 54(d),...there is a strong presumption that the prevailing

party will be awarded costs." *Schwarz v. Follodor*, 767 F.2d 125, 131 (5th Cir. 1985)(*citing Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352 (1981)); *see also Walters v. Roadway Express, Inc.*, 557 F.2d 521 (5th Cir. 1977); *Smiley v. Summers*, No. 1:03cv250, 2005 WL 1595668, at *2 (S.D. Miss. 2005).

> While the rule does not prevent a trial court from requiring a prevailing party to bear its own costs, 'the language of the rule reasonably bears the intendment that the prevailing party is prima facie entitled to costs and it is incumbent on the losing party to overcome that presumption...[since] denial of costs...is in the nature of a penalty for some defection on his part in the course of litigation.'...*Accordingly, when a trial court exacts such a penalty, it should state reasons for its decision.*"

*Schwarz*, 767 F.2d at 131(emphasis in original)*(quoting Popeil Brothers v. Schick Electric, Inc.*, 516 F.2d 772, 775 (7th Cir. 1975)).

Under Rule 54(d), "the decision to award costs turns on whether a party, as a practical matter, has prevailed." *Schwarz*, 767 F.2d at 130. Usually the litigant in whose favor judgment is rendered is the prevailing party under Rule 54(d). *See* 10 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2667 (3d ed. 1998). Here, Plaintiff's claims against James F. Holland, Myra Blackburn, Celeste Lacy, Timothy Norrbom, Andra Pippin, Sandra Sanchez, Hannah Stanley, Tonya Zimmern, Joseph M. Endry, and JME Realty Company were dismissed with prejudice at varying stages of the litigation.[2] *See* Ct.

---

[2]Though the Court's Order dismissing Plaintiff's claims against Joseph M. Endry does not specify that the dismissal was "with prejudice," "[a]n involuntary dismissal must be considered to be with prejudice unless the district court specifies that its order is entered without prejudice." *Tuley v. Heyd*, 482 F.2d 590, 594 n.2 (5 th Cir. 1973); *see also Callip v. Harris County Child Welfare Dept.*, 757 F.2d 1513, 1519 (5th Cir. 1985).

Orders 83, 99; *see also* Am. Final Judgment. The Court is of the opinion that these dismissed Defendants are "prevailing parties" for purposes of Rule 54(d) and are therefore entitled to recovery of costs.[3] *See Schwarz*, 767 F.2d at 130(holding that "[b]ecause a dismissal with prejudice is tantamount to a judgment on the merits, the defendant...is clearly the prevailing party").

Based on the foregoing, the Court finds that Defendants James F. Holland, Myra Blackburn, Celeste Lacy, Timothy Norrbom, Andra Pippin, Sandra Sanchez, Hannah Stanley, Tonya Zimmern, Coldwell Banker JME Realty Company, and Joseph M. Endry are prevailing parties pursuant to Rule 54(d).

B.   Costs Under 28 U.S.C. § 1332(b)

Section 1332(b) of Title 28 of the United States Code states, in part, that

> ...where the plaintiff who files the case originally in the Federal courts is adjudged to be entitled to recover less than the sum or value of $75,000, computed without regard to any setoff or counterclaim to which the defendant may be adjudged to be entitled, and exclusive of interest and costs, the district court may deny costs to the plaintiff and, in addition, may impose costs on the plaintiff.

28 U.S.C. § 1332(b).

Under this statute, it is within the district court's discretion to award costs to defendants when the actual recovery is less than the jurisdictional amount in controversy in a case brought pursuant to a federal court's diversity jurisdiction.

---

[3] Because Plaintiff's claims against Defendant Molly J. Hageman were dismissed without prejudice prior to the date that the costs in question were incurred, the Court need not determine whether she is a "prevailing party" pursuant to Rule 54(d). *See* Bill of Costs, attached as Ex. "5" to Defs.' Mot. for Costs.

*See Dr. Franklin Perkins School v. Freeman*, 741 F.2d 1503, 1525 (7th Cir. 1984). However, where the plaintiff's claim was made in good faith, then no additional costs are to be assessed against the plaintiff. *See* 14B CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 3702 (3d ed. 1998).

It is undisputed that Plaintiff has recovered less than the jurisdictional amount against Defendant Clara Plummer. *See* Am. Final Judgment. However, "in accord with the majority of courts which have addressed this issue, the Court finds that § 1332(b) is to be applied only in cases where it appears obvious that the plaintiff has acted in bad faith in claiming over [$75,000] in order to bring the action in Federal Court." *Kinsey v. Weatherly*, 572 F. Supp. 841, 844 (N.D. Ga. 1983).

Because the record does not reflect that Plaintiff was in bad faith in filing the instant suit in federal court, the Court will not interpret the statute "as a whip to be used vindictively upon those who fail to recover the jurisdictional amount," and therefore will deny Defendant Clara Plummer's request for costs under section 1332(b). *See Kinsey*, 572 F. Supp. at 844(*quoting Stachon v. Hoxie*, 190 F. Supp. 185, 186 (W.D. Mich. 1960)).

C.  Apportionment of Costs

The Fifth Circuit and courts within the Fifth Circuit provide authority for apportionment of costs where a party is only partially victorious. *See Jones v.*

*Diamond*, 594 F. 2d 997, 1028 (5th Cir. 1979)(stating "[a] party who has obtained some relief usually will be regarded as the prevailing party even though he has not sustained all of his claim, although in some cases of this type the court will apportion costs among the parties.")(internal quotation and citation omitted); *see also Beck v. Koppers, Inc.*, No. 3:03cv60, 2006 WL 2033879, at *2 (N.D. Miss. 2006)(interpreting Fifth Circuit case law to find a defendant entitled to costs where plaintiff lost all claims asserted against that defendant, but finding that plaintiff and another defendant were to each bear their own costs where plaintiff succeeded in only one of her seven original claims against that defendant).  Because Plaintiff clearly did not prevail on any of her claims against Defendants James F. Holland, Myra Blackburn, Celeste Lacy, Timothy Norrbom, Andra Pippin, Sandra Sanchez, Hannah Stanley, Tonya Zimmern, JME Realty Company, and Joseph M. Endry, and because the Court finds these Defendants to be "prevailing parties" under Rule 54(d), apportionment of costs is proper in this instance.

In their Motion, Defendants seek total costs in the amount of $4,636.55.  This amount reflects costs incurred from the following: depositions of Tonya Zimmern, Sandra Sanchez, Anda Pippen, Celeste Lacy, Hannah Stanley, Timothy Norrbom and Myra Blackburn taken on February 21, 2007; depositions of Joseph Endry and Clara Plummer taken on February 16, 2007; deposition of Plaintiff Tia Saucier taken on January 30, 2007; jury trial transcript; and daily trial transcripts.  *See* Itemization of Costs, attached as Ex. "5B" to Def.'s Mot. for Costs.

At the time these costs were incurred, on January 30, 2007, February 16,

2007, and February 21, 2007, eleven of the twelve original defendants remained in the case (James F. Holland, Myra Blackburn, Celeste Lacy, Timothy Norrbom, Andra Pippin, Sandra Sanchez, Hannah Stanley, Tonya Zimmern, JME Realty Company, Joseph M. Endry, and Clara Plummer).[4]  Because ten of these eleven Defendants are "prevailing parties" pursuant to Rule 54(d), and one, Clara Plummer, is clearly not, Defendants are entitled to recover ten-elevenths (10/11) of the sum of the costs incurred on those dates.  *See* Items 3, 4 & 5 on Itemization of Costs, attached as Ex. "5B" to Def.'s Mot. for Costs.  At the time trial transcript costs were incurred, three Defendants remained in the case (Joseph M. Endry, JME Realty Company, and Clara Plummer).  Because two of these three Defendants are "prevailing parties" pursuant to Rule 54(d), Defendants are entitled to recover two-thirds (2/3) of the sum of costs associated with the trial transcripts.  *See* Items 1 & 2 on Itemization of Costs, attached as Ex. "5B" to Def.'s Mot. for Costs.

---

[4]In addition to the Defendants already identified in this Order, Plaintiff's Complaint and Amended Complaint name "Legacy Marketing Group" as a Defendant.  The Complaint asserts that Legacy Marketing Group is "an assumed name for Coldwell Banker JME Realty, JME Realty Company and Joseph M. Endry."  Pl.'s Compl. & Am. Compl. ¶ 4.  Defendants' Answer to Plaintiff's First Amended Complaint admits that JME Realty Company does business as Legacy Marketing Group, but denies all remaining allegations with regard to Legacy Marketing Group.  Legacy Marketing Group has never made an appearance in this case.  Because Legacy Marketing Group does not have an identity separate from that of Coldwell Banker JME Realty Company, the Court considers them as one Defendant.  It should also be noted that Plaintiff named JME Realty Company and Coldwell Banker JME Realty Company as separate Defendants in the original Complaint, but filed an Amended Complaint naming Coldwell Banker JME Realty Company as the correct Defendant.  For these reasons, the Court does not include either Legacy Marketing Group or JME Realty Company in its count of Defendants named in this lawsuit.

So that costs are attributed only to prevailing parties, Defendants are hereby directed to amend their bill of costs to reflect sums in accordance with this Order and amounting to $3,669.02,[5] and to file the amended bill of costs as provided by Rule 54.2 of the Uniform Local Rules of the United States District Courts for the Northern and Southern Districts of Mississippi.

### III.  CONCLUSION

For the above reasons, Defendants James F. Holland, Myra Blackburn, Celeste Lacy, Timothy Norrbom, Andra Pippin, Sandra Sanchez, Hannah Stanley, Tonya Zimmern, JME Realty Company, and Joseph M. Endry are entitled an award of costs under Rule 54(d).  The Court, however, does not award any costs under § 1332(b), and Defendant Clara Plummer is not entitled to recovery of costs.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons cited more fully herein, Defendants' Motion [130] to Award Costs, filed on or about February 13, 2008, should be and is hereby **GRANTED IN PART**, in that

---

[5]Tia Saucier's deposition taken on January 30, 2007, totaled $746.10; Joseph Endry and Clara Plummer's depositions taken on February 16, 2007, totaled $714.70; Tonya Zimmern, Sandra Sanchez, Anda Pippen, Celeste Lacy, Hannah Stanley, Timothy Norrbom and Myra Blackburn's depositions taken on February 21, 2007, totaled $923.45.  Adding these three costs together amounts to $2,384.25.  Multiplying this figure by ten-elevenths (10/11) equates to $2,167.49, which is rounded to the lowest penny.
    Costs associated with copies of daily trial transcripts and a transcript of the jury trial totaled $586.30 and $1,666.00, respectively.  Adding these two costs together amounts to $2,252.30.  Multiplying this figure by two-thirds (2/3) equates to $1,501.53, which is rounded to the lowest penny.
    The bill of costs should reflect the sums of $2,167.49 and $1,501.53, which totals $3,669.02.

Defendants James F. Holland, Myra Blackburn, Celeste Lacy, Timothy Norrbom, Andra Pippin, Sandra Sanchez, Hannah Stanley, Tonya Zimmern, JME Realty Company, and Joseph M. Endry are entitled an award of costs under Rule 54(d) of the Federal Rules of Civil Procedure, and **DENIED IN PART**, in that Defendant Clara Plummer is not entitled to recover costs, nor are Defendants entitled to costs under section 1332(b) of Title 28 of the United States Code.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Defendants shall prepare and file an amended bill of costs, in the amount of $3,669.02, in accordance with this Order, as provided by Rule 54.2 of the Uniform Local Rules of the United States District Courts for the Northern and Southern Districts of Mississippi.

**SO ORDERED AND ADJUDGED**, this the 12th day of March, 2008.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE